UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN WAVE MACHINES, INC., a California corporation,<br><br>          Plaintiff,<br><br>v.<br><br>WAVES OF FUN, INC., a corporation; DAVID AVERY, an individual; MEREDITH AVERY, an individual; and RICCHIO, INC.,<br><br>          Defendants. | Case No. 11CV972-BEN(JMA)<br><br>**ORDER SCHEDULING SETTLEMENT CONFERENCE** |

A Case Management Conference was held on June 21, 2012 at 9:30 a.m. At the parties' request, a Settlement Conference will be held in the chambers of Magistrate Judge Jan M. Adler on **August 1, 2012** at **2 p.m.**, United States Courthouse, 940 Front Street, San Diego, California 92101-8928. Defendants have represented they will provide additional documents responsive to Plaintiff's outstanding document requests, including documents reflecting Defendants' current financial condition, for Plaintiff's review at least three weeks prior to the Settlement Conference. If the information is not timely provided, or if the parties are otherwise unable to prepare for substantive and meaningful settlement discussions on August 1, 2012, counsel shall contact the Court's chambers no later than July 25, 2012 and so advise.

Although the submission of statements is <u>not</u> required in advance of the Settlement Conference, parties may submit concise statements if desired.  If a statement is submitted, it shall be provided to chambers <u>no later than one week</u> prior to the scheduled conference.[1]  If the parties submit statements in connection with the Settlement Conference, they may either do so on a confidential basis or may exchange their statements.  **All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person</u> at the conference**.  **The individual(s) present at the Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to:  1) fully explore all settlement options and to agree during the conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).**

Appearance by litigation counsel only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the Settlement Conference as required shall be cause for the immediate imposition of sanctions.**  All conference discussions will be informal, off the record, privileged, and confidential.

**IT IS SO ORDERED.**

DATED:  June 21, 2012

_____
Jan M. Adler
U.S. Magistrate Judge

---

[1] Statements under 20 pages in length, including attachments and exhibits, may be delivered directly to chambers, e-mailed to efile_adler@casd.uscourts.gov, or faxed to (619) 702-9939.  Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered directly to chambers.